[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a collections action. The plaintiff operates a radio station in the Chicago area. The defendant apparently produced a show which played in the Chicago area in 1996. The complaint alleges that the defendant contracted for several "spots" of advertising which, despite prior agreement, were never paid for. Currently at issue is a motion for summary judgment filed by the plaintiff
The plaintiff has submitted several affidavits and supporting exhibits in support of its motion for summary judgment. The affidavits are signed and sworn to by credit managers for the plaintiff. One, signed on August 17, 1998, states that the plaintiff provided advertising services between May 8, 1996, and May 26, 1996, "on open account at agreed upon prices". The plaintiff provided invoices indicating that the defendant did not pay for $2,380.00 of services, and attached invoices documenting the claimed CT Page 12924 debt. The invoice reflected advertisements running on May 8, 1996, May 14, 1996 and May 26, 1996, and seems to show that payments were not made for these services.
On or about December 11, 1998, the defendant submitted an affidavit in objection to the motion for summary judgment. In the affidavit, the defendant avers that prior advertising services were prepaid, that no prepayment was made for the advertisements in question and "no authorization was made by the Defendant for the Plaintiff to provide said services."
Another affidavit was filed in support of the instant motion for summary judgment;[1] this affidavit reiterates the facts recited in the plaintiff's first affidavit. The defendant filed an objection to this motion on April 17, 2000. Two grounds are urged in opposition. The first seems to be an argument to the effect that one cannot file a motion for summary judgment after a certificate of closed pleadings is filed. I reject that position, in the circumstances of this case, without discussion. The second ground is that the affidavit previously filed by the defendant shows that there are material issues in dispute.
The plaintiff responded to the defendant's objection by filed another affidavit and set of exhibits. This affidavit, also signed by a credit manager, states that the defendant's prior affidavit is misleading. It states that the advertising services, as evidenced by three invoices for the May, 1996, broadcasting dates, were "contracted for." It states that prior advertising services were not prepaid. It states that "[t]he defendant ordered these spots and then refused to pay for them." It repeats that the plaintiff provided advertising services "on open account at agreed upon prices." It concludes that the defendant owes $2,380, plus interest, for the invoices in question. To this affidavit the plaintiff attached a copy of the application for credit, a generalized copy of "contract terms and conditions", and three invoices for "spots" run in May, 1996.
The difficulty with the plaintiffs position is that the defendant claims he did not authorize the spots in question, and the plaintiffs materials do not foreclose this position as a matter of law. There also may be some question as to the price, as nothing in the materials submitted by the plaintiff establishes unequivocally what the price would be for the spots. In any event, at least one material question of fact remains, and the motion for summary judgment is denied.
Beach, J.